# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                 No. CR 04-0444 JB

STEVEN MICHAEL VIGIL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Sentencing Memorandum of Defendant Steven Vigil, filed October 18, 2004 (Doc. 52); (ii) the Letter from Steve M. Vigil to the Honorable James Browning, United States District Judge, filed December 7, 2004; and (iii) the Letter from David C. Iglesias, United States Attorney, and Elaine Y. Ramirez, Special Assistant United States Attorney from the United States Department of Justice, United States Attorney for the District of New Mexico, and from Duane Montano, Attorney for Defendant Steven Michael Vigil, dated January 26, 2005. The Court held sentencing hearings on this case on November 22, 2004, and on April 4, 2005. The primary issue is whether the Court should depart or deviate from the applicable guideline range under the United States Sentencing Guidelines ("Guidelines"). Under the Supreme Court of the United States' recent decision in United States v. Booker, 125 S.Ct. 738 (2005)(Breyer, J.), the Court will deviate from the Guidelines, accept the plea agreement, and sentence consistent with the stipulated sentence in the plea agreement.

## FACTUAL BACKGROUND

Vigil has a ninth grade education. See Sentencing Memorandum of Defendant ("Sentencing

Memorandum") at 3.  He has limited educational and vocational skills.  See id.  A review of Vigil's record indicates, as his numerous alcohol related convictions reflect, that he has a long history of alcohol abuse and dependence.  See PSR ¶¶ 40, 41, 42, 43, 44, at 11-13.  Vigil committed the federal offense for which he stands before the Court for sentencing subsequent to his release from his last incarceration for alcohol.  See Sentencing Memorandum at 3.  Vigil has not received, however, the benefit of a long-term treatment program.  See id.  Vigil represents that he is motivated to complete a drug/alcohol program.  See id.

Vigil's prior convictions, which are now being used to classify him as a career offender, consist of a 1986 conviction in Colorado Springs, Colorado for Conspiracy to Commit Second Degree Assault and Escape in 1987.  See PSR ¶ 31, at 8.  Vigil was twenty-one years old at the time of the first offense.  See PSR at 2; PSR ¶ 31, at 8; Sentencing Memorandum 3.  Initially, the state court sentenced Vigil to probation on the assault charge, but in 1987, a series of probation violations ensued.  See Sentencing Memorandum at 2.  The state subsequently revoked and re-sentenced Vigil on several different occasions to varying terms of probation and incarceration.  See id. at 2-3; PSR ¶ 37, at 9.

In 1987, when Vigil was twenty-two, the state charged and subsequently convicted him of escape.  See Sentencing Memorandum at 3; PSR ¶ 31, at 8; PSR at 2.  The escape charge involved Vigil's walk away from a community corrections sentence.  See Sentencing Memorandum at 2.  The circumstances of the walk away from the halfway house do not appear to involve acts of violence, overt or otherwise.

The state court sentenced Vigil to four years in community corrections in February, 1990, but Vigil violated probation.  See PSR ¶ 37, at 9.  His status was revoked, and he was re-sentenced on

two occasions to terms of probation and incarceration.  <u>See</u> <u>id.</u>  The state sent him to prison in May, 1990 on a two-year sentence.  <u>See</u> <u>id.</u>  The state then placed Vigil on intensive supervision probation and re-sentenced him to prison in 1991.  <u>See</u> <u>id.</u>

Vigil's parole was terminated in June, 1994.  <u>See</u> PSR ¶ 39, at 11.  The 1986 conviction qualifies as being within 15 years of this offense -- February 11, 2004 -- because of the probation violations, prison sentence, and parole period.  It has been 18 years since Vigil committed the underlying assault felony.  He was also a relatively young man when he committed the underlying crimes.  Those mistakes cost him four years of his life in prison.

Vigil is 40 years old.  <u>See</u> PSR at 2.  Vigil has been married to his current wife since 1995. <u>See</u> <u>id.</u> ¶ 61, at 16.  Vigil has eight children through his marriage, four being his and four being his wife's.  <u>See</u> <u>id.</u> ¶¶ 61, 63, 64, at 16; Letter from Steve M. Vigil to the Honorable James Browning ("Vigil Letter") at 1.  Vigil has custody of his oldest son, Steve.  <u>See</u> Vigil Letter at 1.  Vigil and his wife are raising her grandson, Angelo, who is seven years old.  <u>See</u> <u>id.</u>  They are raising him as their own son.  <u>See</u> PSR ¶ 61, at 16; Sentencing Memorandum at 2; Vigil Letter at 1.  Since 1987, Vigil has held full time jobs and paid taxes every year.  <u>See</u> Vigil Letter at 1.  He has started his own business.  <u>See</u> <u>id.</u>  Together with his wife, Vigil is purchasing a home in Denver, Colorado.  <u>See</u> Sentencing Memorandum at 2.  Vigil represents that he has worked very hard to make a home for his family.  <u>See</u> Vigil Letter at 1.

In this case, Vigil contends that he was acting in the capacity of a mule and thus transporting the narcotics.  <u>See</u> Sentencing Memorandum at 2.  Vigil contends that he was not the purchaser of the narcotics, nor was he to be the distributor.  <u>See</u> <u>id.</u>  Vigil admits that he has a drinking problem, but denies that he has ever sold drugs.  <u>See</u> Vigil Letter at 1.

## PROCEDURAL BACKGROUND

Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Vigil pled guilty to the charged offense.  In the plea agreement that the United States and Vigil reached, the parties stipulated to a specific 84 month sentence.  An adjusted offense level of 31, which calculation includes a three-level reduction for acceptance of responsibility, and a criminal history category VI gives a guideline range of 188-235 months.

The parties represent that they agreed upon the sentence in accordance with § 6B1.2(c)(2)(A) of the Guidelines.  See Letter from David C. Iglesias, United States Attorney, and Elaine Y. Ramirez, Special Assistant United States from the United States Department of Justice, United States Attorney for the District of New Mexico, and from Duane Montano, Attorney for Defendant Steve Michael Vigil at 1 (dated January 26, 2005)("Iglesias Letter").  The parties entered into the plea bargain in this case with knowledge of Vigil's criminal history.  See id.  Both parties were aware that, pursuant to U.S.S.G. § 4B1.1, Vigil was a career offender, making his potential sentencing range 262-327 months (not taking into account the acceptance of responsibility reduction).  See id.

The United States, however, declined to risk an acquittal of the defendant by proceeding to trial, and Vigil was unwilling to risk a minimum sentence of 262 months.  See id.  The parties represent that, taking into account the age of Vigil's prior offenses, the stipulated 84 month sentence was in the best interests both of the United States and of Vigil.  See id.

The PSR confirms that Vigil's base offense level, without the plea agreement, is 31 and criminal history category is VI, which provides a sentencing guideline range of 188-235 months.  See PSR at ¶¶ 33, 47, at 8, 13.  The parties request that the Court accept the plea agreement as written and impose the agreed upon sentence.  See Iglesias Letter at 2.

## SENTENCING GUIDELINES

Under U.S.S.G. § 6B1.2(c)(2)(A), in the case of a plea agreement that includes a specific sentence, i.e., a rule 11(c)(1)(C) plea agreement, the court may accept the agreement if the court is satisfied the agreed sentence departs from the applicable guideline range for justifiable reasons.  The Commentary states that the court should accept a specific sentence "only" if "the sentence departs from the applicable guideline range for justifiable reasons (i.e., that such departure is authorized by 18 U.S.C. § 3553(b) . . . ."  The Commentary goes on to say, however: "As set forth in subsection (d) of § 5K2.0 (Grounds for Departure), however, the court may not depart below the applicable guideline range merely because of the defendant's decision to plead guilty to the offense or to enter a plea agreement with respect to the offense."

## BOOKER AND FANFAN

In United States v. Booker, the Supreme Court excised 18 U.S.C. § 3553(b), the provision of the Sentencing Reform Act that made the Guidelines mandatory.  See United States v. Booker, 125 S.Ct. at 756-57.  The Supreme Court indicated that the Guidelines are "advisory."  Id.  Judges must consider the Guidelines sentencing range, but must also consider the other factors set forth in 18 U.S.C. § 3553(a).  See id.

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a)(2) after considering: (i) the offense's nature and circumstances, and the defendant's history and characteristics; (ii) the kinds of sentences available under 18 U.S.C. § 3553(a)(3); (iii) the guidelines and policy statements issued by the Sentencing Commission, including the now non-mandatory guideline range; (iv) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been

found guilty of similar conduct; and (v) the need to provide restitution to any victims of the offense. To impose a sentence that is sufficient but not greater than necessary, it must comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense -- retribution; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant -- incapacitation; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3582(a) states:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

## ANALYSIS

The parties do not dispute that Vigil must pay for his crime with time in prison. The issue is whether he should receive 84 months or 188 to 265 months. Because of the age of the underlying convictions, the circumstances surrounding the underlying convictions, the risk of acquittal, and all of the factors embodied in 18 U.S.C. § 3553(a), the Court agrees with the United States' and Vigil's assessment that 84 months is a reasonable sentence.

**I.   THE COURT WILL ACCEPT THE PLEA AGREEMENT AND DEVIATE, AND THE SENTENCE WILL BE CONSISTENT WITH THE PLEA AGREEMENT.**[1]

Vigil urges the Court to accept the stipulated 84-month sentence under United States v.

---

[1] The parties, in the Iglesias Letter use the word "departure" to justify the plea agreement; however, the parties agreed at the sentencing hearing that the correct analysis for the justification of the 11(c)(1)(C) agreement was a deviation analysis under Booker, rather than a departure under the Guidelines. See Iglesias Letter at 1; Transcript of Hearing at 5:7-18 (taken April 4, 2005)

Booker.  See Transcript of Hearing at 5:7-18 (taken April 4, 2005).  The parties frankly concede that they based their agreement upon a factual and legal analysis of the witnesses and the evidence that both parties could present at trial.  See Iglesias Letter at 1-2.  Further, they based their agreement on their credibility assessment of the witnesses who would testify at trial and other elements of pretrial preparation.  See id.  The parties represent that they reached the agreement after careful analysis of the facts and evidence that the United States would present at trial, as well as any potential defenses. See id. at 1.

Moreover, both parties were aware that, pursuant to § 4B1.1 of the U.S.S.G., Vigil was a career offender, making his potential sentencing range 262-327 months.  See id.  The United States declined to risk an acquittal of the defendant by proceeding to trial, and the defendant was unwilling to risk a minimum sentence of 262 months.  See id.  Taking into account the age of Vigil's prior offenses, the parties concluded that the stipulated 84-month sentence was in the best interests both of the United States and of Vigil.  See id.

While the problems with the United States' case might not be an appropriate ground for departure under the Guidelines, the Court has already said it is an appropriate factor to consider in determining whether to deviate or to vary from the Guidelines.  See United States v. Stone, No. CR 04-1886 JB, Memorandum Opinion and Order at 11-12 (D.N.M., filed March 30, 2005)(Doc. 25). If a defendant, whom everyone concedes is guilty, is not punished because of a failure of the evidence, that result does not promote respect for the law, provide just punishment, afford adequate deterrence, or reflect the seriousness of the offense.  If the United States Department of Justice is willing to come to the Court and ask for a deviation based on its assessment of the evidence, that is an appropriate factor for the Court to consider under rule § 3553(a).

There is no issue of restitution in this case.  When the Court examines carefully Vigil's conduct in the underlying convictions, the Court agrees that a classification of career offender overstates the convictions' seriousness.  The Court believes that this conclusion is particularly sound when it notes Vigil's age at the time of the commission of the prior offenses, the convictions' age, and Vigil's involvement in the offenses.  The underlying crimes occurred well over 15 years ago, and there is no evidence that the crime of escape involved any acts of violence.

Vigil must pay for his mistake and for this crime.  There is no excuse for what Vigil has done recently or in the past.  By signing the plea agreement, Vigil has agreed to serve 84 months.  It has, however, been almost two decades since the prior crimes occurred.  The career offender status punishes him for crimes that occurred nearly twenty years ago.  The enhanced sentence for career offender would be to sentence Vigil for crimes that are distant in his past, and occurred well over 15 years ago.

Under 18 U.S.C. § 3582, it is difficult for the Court to conclude that imprisonment, in this case, is an appropriate means of promoting correction and rehabilitation.  Under imprisonment, Vigil's wife and children will suffer the most.  In contrast, attendance and successful completion of a drug/alcohol program will go far to protect the public from further crimes by Vigil and has the additional benefit of providing him with correctional treatment in an effective manner.

The Court believes that, in Vigil's case, it would be best for the Court to let the distant past stay in the distant past.  Vigil will be 47 years old when he completes the 84-month sentence.  If the Court sentenced Vigil to 188 months, he would be 54 years when he completes his imprisonment. The Court will agree to a sentence that lets the past largely stay in the past.  It would seem best that Vigil and his family have some hope for the future.

-8-

The Court will accept the plea that Vigil and the United States have signed.  The Court will sentence him to a term of 84 months.  As the two hearings and this opinion reflect, the Court has fully considered the applicable sentencing range based on the Guidelines.  In light, however, of all the sentencing goals, such as the seriousness of this offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and effectively providing Vigil with needed care, and all the other factors embodied in 18 U.S.C. § 3553(a), the Court declines to impose a sentence within the range that the Guidelines reflects.

The Court will impose a reasonable sentence that, although it varies from the Guidelines, will more effectively promote the sentencing goals in 18 U.S.C. § 3553(a).  A sentence of 84 months reflects the seriousness of the offense for which Vigil now stands charged before the Court, promotes respect for the law, and provides just punishment for the offense.  A sentence of 84 months is also within the spirit of the rule 11(c)(1)(C) plea agreement that Vigil reached with the United States.

**IT IS ORDERED** that the United States' and the Defendant's rule 11(c)(1)(C) plea agreement is accepted and the sentence will be consistent with the parties' plea agreement.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
    United States Attorney
Elaine Y. Ramirez
    Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Keith R. Romero
Albuquerque, New Mexico

-- and --

Duane Montano
Duane Montano, L.L.C.
Denver, Colorado

     *Attorneys for the Defendant*