IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                         No. CR 04-0444  JB

STEVEN MICHAEL VIGIL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Steven Vigil's Objections to Presentence Report, filed October 18, 2004 (Doc. 45). The primary issue is whether the Court, rather than a jury can under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), find that Defendant Steven Michael Vigil is a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. Because the Court finds that it can determine whether the Defendant is a career offender by a preponderance of the evidence, the Court overrules Vigil's objection to paragraph 34 of the Presentence Report ("PSR").

## FACTUAL BACKGROUND

Under § 4B1.1 of the United States Sentencing Guidelines, a defendant is a career offender if: (i) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (ii) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (iii) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Vigil has at least two prior qualifying felony convictions. In Case No. 1986-CR-118, 4th Judicial District Court, Colorado Springs,

Colorado, Vigil was charged with First Degree Burglary and Conspiracy to Commit Assault. He subsequently entered a plea of guilty to an Amended Information charging Conspiracy to Commit Assault. On February 1, 1990, Vigil was convicted and sentenced for Escape in the 4th Judicial District Court, Colorado Springs, Colorado, Case No. 1987-CR-548. The escape charge involved Vigil's walk away from a community corrections sentence.

## PROCEDURAL BACKGROUND

The indictment returned against Vigil did not charge him with being a career offender. The United States and Vigil stipulated to a 84-month sentence in a plea bargain pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. At the time of his plea's entry, Vigil did not admit that he was a career offender.

## BLAKELY v. WASHINGTON

In <u>United States v. Rice</u>, No. 03-8086, 2004 U.S. App. LEXIS 20896 (10th Cir. Oct. 6, 2004), the United States Court of Appeals for the Tenth Circuit, in an unpublished opinion, dealt with a Sixth Amendment challenge to the district court's enhancement for being a career offender. Defendant James Gary Rice pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846. The district court enhanced his sentence under 21 U.S.C. § 841(b)(1)(A) by two levels for being a "career offender" pursuant to USSG § 4B1.1. <u>See</u> 2004 U.S. App. LEXIS 20896 at *2. It was this two-level enhancement that the defendant in <u>United States v. Rice</u> challenged on appeal. <u>See id.</u> The Tenth Circuit dropped a footnote early in the opinion:

> This appeal challenges a sentencing enhancement based on the fact of a prior conviction, and, consequently, the Supreme Court's recent decision in <u>Blakely v. Washington</u>, 159 L. Ed. 2d 403, ___ U.S. ___, 124 S. Ct. 2531 (2004), has no application to this case. See id. 124 S.Ct. at 2536 (restating exception acknowledged in Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L.Ed. 435, 120 S.Ct. 2348

(2000), for sentencing enhancements based on the fact of a prior conviction); see also United States v. Marseille, 377 F.3d 1249, 1257 n. 14 (11th Cir. 2004)(noting that Blakely is inapposite to appeal challenging sentence enhancement based on prior convictions).

2004 U.S. App. LEXIS 20896 *2 n.1.

The Tenth Circuit concluded that the sentencing court properly determined that the defendant's 1992 burglary conviction was a burglary of a dwelling and, as such, was a "crime of violence" as defined in USSG § 4B1.2(a). 2004 U.S. App. LEXIS 20896 at *2. The Tenth Circuit noted that, under the Sentencing Guidelines, a defendant is a "career offender" if three conditions are met: (i) the defendant was at least eighteen years old when the instant offense was committed; (ii) the instant offense is a felony and is either a crime of violence or a controlled substance offense; and (iii) the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. 2004 U.S. App. LEXIS 20896 at *3. USSG § 4B1.2(a)(2) defines "crime of violence" to include "burglary of a dwelling" under state law that is punishable by imprisonment for a term exceeding one year. 2004 U.S. App. LEXIS 20896

The defendant's position in United States v. Rice was that the government failed to prove that his 1992 burglary conviction was for "burglary of a dwelling" and therefore failed to satisfy the crime-of-violence condition for a career-offender enhancement under § 4B1.1. 2004 U.S. App. LEXIS 20896 at *3-4. The district court found, however, that, according to Wyoming law, the probable cause affidavit that was attached to the information established, by a preponderance of the evidence, that the defendant's 1992 burglary conviction was for burglary of a dwelling. See 2004 U.S. App. LEXIS 20896 *5. The defendant also challenged the sufficiency and reliability of the affidavit itself. See 2004 U.S. App. LEXIS 20896 at *7. The Tenth Circuit concluded that the district court did not

err in considering the probable cause affidavit to determine the nature of the prior conviction, because it was part of the record of the prior proceeding. See 2004 U.S. App. LEXIS 20896 at *5-6.

In United States v. Watkins, No. 03-3319, 2004 U.S. App. LEXIS 22421 (8th Cir. Oct. 28, 2004), the United States Court of Appeals for the Eighth Circuit dealt with the direct criminal appeal of a defendant challenging his firearm conviction and the sentence that the district court imposed after his jury trial. The Eighth Circuit affirmed:

> Finally, Watkins's sentence as an armed-career criminal does not implicate his Sixth Amendment rights, cf. Blakely v. Washington, 159 L.Ed.2d 403, 124 S.Ct. 2531, 2538 (2004)(sentence based on judicially found facts violates Sixth Amendment rights), because his offense level was determined based on the fact of his prior convictions, see United States v. Kempis-Bonola, 287 F.3d 699, 701-702 (8th Cir.)(illegal-reentry case; plain language of Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000), excepts fact of prior conviction from its holding), cert. denied, 537 U.S. 914 (2002).

2004 U.S. App. LEXIS 22421 **8-9.[1]

## ANALYSIS

Vigil contends that Blakely v. Washington does not allow an upward sentencing adjustment to the base sentencing range upon a fact that the defendant has not admitted or a jury has not found. Vigil contends that an upward adjustment under such circumstances would violate the Sixth Amendment right to trial by jury. Vigil contends that Blakely v. Washington requires that the indictment charge the upward adjustment pursuant to § 4B1.1 and that the United States prove the

---

[1] The Supreme Court vacated the judgment and remanded the case to Eighth Circuit for further consideration in light of United States v. Booker, 543 U.S. _____, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). See Watkins v. United States, 125 S. Ct. 2276, 161 L. Ed. 2d 1054. On remand, the Eighth Circuit affirmed its position on prior convictions and stated: "Watkins's sentence did not involve a violation of the Sixth Amendment as interpreted in Booker, because the district court determined the applicable sentencing guideline range based on facts proved to a jury beyond a reasonable doubt and on the facts of Watkins's prior convictions." See United States v. Watkins, No. 03-3319, 2005 U.S. App. LEXIS 14379 at *1-2 (8th Cir. July 13, 2005).

elements of § 4B1.1 beyond a reasonable doubt. Vigil submits that a judicial finding of fact, made by a preponderance of the evidence, regarding career offender status is insufficient to apply § 4B1.1's provisions and that such a finding is inconsistent with Vigil's right to jury trial.

The Supreme Court has made clear, in Apprendi v. New Jersey, 530 U.S. 466 (2000), and in Blakely v. Washington, that a jury need not find prior convictions beyond a reasonable doubt. The Tenth Circuit has held, since the Blakely v. Washington decision, that the Sixth Amendment right does not apply to findings about prior convictions. See United States v. Cooper, 375 F.3d 1041, 1053 (10th Cir. 2004). This Court, based upon that decision, has held that it can make all findings about prior convictions by a preponderance of the evidence without violating the Sixth Amendment. See U.S.A. v. Quijada, No. CR 04-0516 JB, Memorandum Opinion and Order at 4-5 (D.N.M., filed July 28, 2004)(Doc 39). The Tenth Circuit's analysis suggests that a judge, by a preponderance of the evidence, can and should decide facts related to a prior conviction, not just the fact of conviction.[2]

Hence, the Court believes that it can find two of the three elements of § 4B1.1 without violating Blakely. And while the Court has some concern whether it should, under the Sixth Amendment, be finding that Vigil was over the age of 18 when he committed the instant crime without submitting that issue to the jury, the Tenth Circuit has indicated in two opinions that the district court can find by a preponderance of the evidence any facts related to prior convictions. No courts appear to be interested in drawing the possible distinction that gives the Court some concern. There are times at a trial where the defendant does not dispute an element. Yet the Court is not free

---

[2] After Vigil filed his Objections to the Presentence Report, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). The Tenth Circuit has held, post-Booker, that a prior conviction is an exception to factual jury submissions. See United States v. Lizarraga-Orduno, ___ F.3d ___, 2005 U.S. App. LEXIS 21514 at *9 (10th Cir. 2005)("Booker patently reaffirms Supreme Court precedent that a prior conviction is an exception to factual jury submissions . . .").

to find them; that is the jury's task. On the other hand, the Court often has to determine the age of the defendant early in the case to determine whether he or she will be treated as a juvenile or as an adult. Current age may be one of those facts that the district court does not have to submit to the jury, but can make the determination itself by a preponderance of the evidence when it is enhancing the sentence because of prior convictions.

Hence, the Court does not believe that Vigil needs to waive any Blakely right he might have and stipulate to his age; under the prior appellate cases, the Court believes that it can find he is a career offender by a preponderance of the evidence.

Moreover, no one seems to dispute the defendant's age. Indeed, at the sentencing hearing, Vigil's counsel indicated he had no objection to the PSR other than that stated in his objections. Page 2 of the PSR states Vigil's age is 40.

**IT IS ORDERED** that the Defendant's objection to a finding of career offender is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney
Elaine Y. Ramirez
   Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Keith R. Romero
Albuquerque, New Mexico

-- and --

Duane Montano
Duane Montano, L.L.C.
Denver, Colorado

    *Attorneys for the Defendant*